IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

CHOICE HOTELS INTERNATIONAL, INC.

    Plaintiff,

v.

WALOON PROPERTIES, INC, *et al.*

    Defendants.

Case No.: GJH-17-1241

## MEMORANDUM OPINION

Defendants Waloon Properties, Inc., William Wang, and Cindy Zhao ("Defendants") move to vacate a judgment by confession entered in favor of Plaintiff Choice Hotels International, Inc. ECF No. 8. Through the judgment by confession, Plaintiff sought to enforce the terms of a promissory note and recover liquidated damages resulting from Defendants' failure to comply with the terms of the parties' Settlement and Release Agreement. *See* ECF No. 1. Plaintiff filed an Opposition to Defendants' Motion, ECF No. 10, but Defendants have not filed a reply. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Vacate is denied.

### I.    BACKGROUND

On or about December 11, 2014, Defendants entered into a Settlement and Release Agreement for liquidated damages owed to Plaintiff from Defendants' failure to open and commence operation of a Choice-brand hotel pursuant to a June 30, 2009 Franchise Agreement executed by both parties. ECF No. 1-1. As required by the Settlement and Release Agreement,

1

Defendants executed a Promissory Note in the amount of $192,500. ECF No. 1-2. However, under the terms of the Promissory Note, Plaintiff agreed to waive the amount due if Defendants paid Plaintiff $10,000, executed two new franchise agreements, and opened each of the hotels in accordance with the schedule set forth in the Settlement and Release Agreement. Pursuant to the terms of the Promissory Note, "[u]pon default, the undersigned hereby irrevocably authorizes any attorney at law to appear for them in any court of record at any time after the Agreement Amount remains unpaid and to confess a judgment against Makers, without process, in favor of the holder of this Note." 1-2 at 1.[1]

On May 5, 2017, Plaintiff filed a Complaint for Confessed Judgment, alleging that Defendants paid Plaintiff $10,000, executed two new franchise agreements, but failed to timely open the hotels. *See* ECF No. 1 ¶ 9. Plaintiff sued for the remaining balance due on the Promissory Note ($182,500), as well as interest and attorneys' fees ($37,868.75). *Id.* ¶ 13. On May 12, 2017, the Court entered Judgment by Confession against Defendants in the amount requested, ECF No. 7, and the Clerk of the Court executed the corresponding Notices of Judgment by Confession for each individual defendant. *See* ECF Nos. 4–6. Pursuant to the Notices of Judgment by Confession, Defendants had thirty days after service "to file a written motion to open, modify or vacate the Judgment." *Id.* Plaintiff personally served Wang and Zhao, individually, on July 26, 2017. *See* ECF Nos. 9-1, 9-2 (Affidavits of Service). Thereafter, on August 24 2017, Zhao filed a Motion to Vacate the Judgment, ECF No. 8, apparently on behalf of all Defendants.[2]

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] Plaintiff argues that the Court should deny the Motion as untimely because it was filed on August 28, 2017—more than thirty days beyond service of the judgment. ECF No. 10 ¶ 9 (citing Loc. R. 108.1(d)). While the Motion does not include a certificate of service, the Motion was electronically docketed by the Clerk's Office on August 24, 2017, within thirty days from service of the judgment on Defendants Wang and Zhao. Therefore, the Motion w ll not be denied as untimely filed. *See* Loc. R. 102.1(c) (D. Md. 2016).

Defendants state that they initially disputed the amount of damage, if any, caused by their failure to obtain a franchise in 2009 but consented to the Settlement and Release Agreement because Plaintiff informed them that "it was not as big of a deal as it sounds, just a formality" and that Plaintiff "verbally promised that we would have no problem to open according to our current conditions and we had no need to worry." ECF No. 8 at 1. Defendants allege that after execution of the Settlement and Release Agreement, they attempted to open the hotels in conformance with the franchise agreement and "paid all the affiliation fee $25,000 plus $10,000, $15,000 fees for signs, $15,500 for reservation computer system" at the request of Plaintiff but that no fees have been returned and no equipment was ever received. *Id.* at 2. Ultimately, Defendants' Motion suggests that Plaintiff impeded their ability to satisfy the terms of the Settlement and Release Agreement and, as a result, Plaintiff should refund the "affiliation fee and other payments" to Defendants. *Id.*

## II. DISCUSSION

Local Rule 108.1 sets forth the process for entry of, and relief from, a judgment by confession. *See* Loc. R. 108.1 (D. Md. 2016). Within thirty days of receipt of such judgment, a defendant may move to vacate, open, or modify the judgment "on the ground that the defendant has a meritorious defense to the cause of action." *Id.* at 108.1(d). "If the evidence presented establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the Court shall order the judgment by confession vacated, . . . with leave to the defendant to file a pleading, and the case shall stand for trial." *Id.* at 108.1(e). Local Rule 108.1 is analogous to the procedural requirements applied in Maryland courts through Maryland Rule 2-611. *See Sager v. Housing Commission of Anne Arundel County*, 855 F. Supp. 2d 524, 553 n. 37 (D. Md. 2012).

3

While confession judgments may allow a debt holder to enforce its promissory note, or other debt instrument, without the time, expense, and uncertainty of trial, this Court has recognized that:

> "'[j]udgments by confession are not favored in Maryland, because Maryland courts have long recognized that the practice of including in a promissory note a provision authorizing confession of judgment lends itself far too readily to fraud and abuse.'" *Gambo v. Bank of Md.*, 648 A.2d 1105, 1114 (Md. 1994) (citation omitted). Therefore, the Maryland Court of Appeals "has made clear that judgments by confession are to be 'freely stricken out on motion to let in defenses.'" *Schlossberg v. Citizens Bank*, 672 A.2d 625, 627 (Md. 1996) (citation and some internal quotation marks omitted). The disfavored status of confessed judgments is also made plain by the many provisions of Maryland law, including the provisions relied upon by plaintiff, that prohibit the use of confessed judgment clauses in a wide variety of contractual contexts.

*Sager*, 855 F. Supp. 2d at 553.

Defendants' Motion sets forth a number of allegations that, if proven true, may establish that Plaintiff either misrepresented the terms of the Settlement and Release Agreement or failed to act in good faith as Defendants attempted to execute the franchise agreements. However, unlike a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may not simply rely on, and assume true, Defendants' allegations as set forth in their motion; rather, Defendants must present *evidence* in support of its meritorious defense. As provided by the Fourth Circuit,

> the [defendant] must present evidence 'sufficient to persuade the fair and reasoned judgment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case.' This evidentiary standard has been restated with some frequency by the Maryland Court of Appeals and other law making bodies, and is not in dispute.

*Signet Bank/Maryland v. Wellington*, 968 F.2d 1212 (Table), 1992 WL 157429, at *1, (4th Cir. 1992) (citing *Stankovich v. Lehman*, 187 A.2d 309 (Md. 1963)); *see also Atlantic Leasing & Financial, Inc. v. IPM Technology, Inc.*, 885 F.2d 188, 194 (4th Cir. 1989) ("the mere assertion

4

of a defense is insufficient to satisfy the burden of proof necessary to vacate a confessed judgment. Rather, the defendant must raise a genuine issue of material fact sufficient to constitute the asserted defense.") (internal citations omitted).

While the standard required to vacate a confessed judgment is a liberal one, only requiring a minimal showing of evidence, Defendants must offer *some* evidence to generate a factual controversy. *Signet Bank*, 1992 WL 157429, at * 1; *see also Gambo*, 648 A.2d at 1114 ("In connection with a motion to vacate, the moving party has the burden of presenting evidence sufficient to support the purported defense."). Because Defendants have not presented any evidence in support of their possible defenses, the Court will not grant their Motion at this time.

However, Defendants appear to proceed *pro se*—neither Zhao nor outside counsel has entered an appearance on behalf of the Defendants.[3] In light of Maryland's reluctance to impose confession judgments in the face of a meritorious defense, the Court is hesitant to completely ignore the allegations set forth in Defendants' Motion. *See Katski v. Boehm*, 241 A.2d 129, 138 (Md. 1968) (noting that on motions to vacate a confessed judgment, courts shall take action "as justice may require" and that the court's discretion shall be liberally exercised); *Alger Petroleum, Inc. v. Spedalere*, 573 A.2d 423, 432 (Md. Ct. Spec. App. 1990) ("although motions to vacate [a confessed judgment] must be supported by satisfactory proof of defenses that make vacating the judgment necessary, the trial courts should be very careful to see that no improper advantage has been taken of the maker of the note in entering judgment"); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is to be liberally construed, and a *pro*

---

[3] Plaintiff argues that the Court should deny the motion as to Defendants Wang and Waloon because only Zhao submitted the motion, and "[t]o the best of Plaintiff's information, knowledge and belief, Cindy Zhao is not an attorney at law licensed to practice in any jurisdiction within the United States of America, and not admitted by this Court to practice law in Maryland pro hac vice." ECF No. 10 ¶ 8 (citing Loc. R. 101.1(a)). Because the Court will allow Defendants to submit a renewed motion, Defendants are reminded that in accordance with Local Rule 101.1, individual defendants proceeding *pro se* may not represent other parties or individuals, and Zhao may not file a renewed motion on behalf of all Defendants unless Zhao is properly recorded as counsel to Defendants.

5

*se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal citations and quotations omitted). Therefore, Defendants' Motion is denied without prejudice. Defendants may submit a renewed motion within thirty days of the date of this Order and attach evidence in the form of affidavits, documents or other supporting material demonstrating a meritorious defense in response to Plaintiff's claim.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Vacate, ECF No. 8, shall be denied. A separate Order follows.

Dated: March 6, 2018

GEORGE J. HAZEL
United States District Judge